IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:14-CV-45-BO

| | |
|---|---|
| KRISTAL NICOLE CROW, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on plaintiff's motion for summary judgment and defendant's motion for judgment on the pleadings. [DE 44, 49]. A hearing was held in Edenton, North Carolina, on November 17, 2015. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

On August 25, 2010, plaintiff filed for a period of disability, disability insurance benefits, and supplemental security income alleging an onset date of July 31, 2009. [Tr. 205]. The application was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) in Richmond, Virginia, on October 10, 2012. [Tr. 30]. The ALJ issued an unfavorable decision on October 23, 2012. [Tr. 23]. The Appeals Council denied Mr. Joyner's request for review, and the ALJ's decision became the final decision of the Commissioner, on December 24, 2013. [Tr. 1]. Ms. Crow then sought review in this Court. [DE 15].

Plaintiff was 41 years old at the time her application was filed; she is 47 now. [Tr. 22]. Plaintiff has a high school education and previous work in clerical capacities. *Id.* Plaintiff has

degenerative disc disease, fibromyalgia, joint osteoarthritis, headaches, obesity, major depressive disorder, and anxiety disorder. [Tr. 14].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since July 31, 2009. [Tr. 14]. Next, the ALJ determined that plaintiff's degenerative disc disease,

2

fibromyalgia, joint osteoarthritis, headaches, obesity, major depressive disorder, and anxiety disorder were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. [Tr. 15]. At step four, the ALJ found that plaintiff was capable of performing sedentary work and had the ability to occasionally stoop, balance, kneel, crouch, crawl, and climb stairs and ramps. [Tr. 17]. Plaintiff requires a cane for prolonged walking and standing and is to avoid hazardous machinery and heights. *Id.* Plaintiff was limited to simple, routine work with limited contact with co-workers or the general public. *Id.* Plaintiff can work a normal work day and week, understand and carry out detailed instructions, and make decisions. *Id.* Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 22]. A vocational expert testified that these jobs would include employment as an addresser, bench assembler, and document preparer. [Tr. 23]. Accordingly, the ALJ found that plaintiff was not disabled since July 31, 2009. *Id.* Plaintiff now seeks review of the ALJ's determination that she is not disabled.

First, plaintiff argues that the ALJ erred by failing to include her psychological limitations in the RFC. [DE 45]. When making the RFC determination, the ALJ is to craft a narrative discussion that describes how the evidence supports each conclusion. SSR 96-8p. If the ALJ determines that certain reported limitations or restrictions are not consistent, the ALJ is to include a discussion as to why. *Id.* It should go without saying that the ALJ is not required to incorporate reported limitations that do not align with the medical evidence.

Here, plaintiff argues there is a *Mascio* problem in that she has limitations in concentration, persistence, and pace that were not properly addressed by the limitation to simple, routine work. *See Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). However, the ALJ properly

3

considered these claims and rejected any such problems as "no more than moderate," so their treatment in the RFC was proper. [Tr. 16]. The ALJ noted that plaintiff self reported "difficulty remembering, completing tasks, concentrating, and following instructions." [Tr. 16]. However, plaintiff's mental status exam told a different story. On the exam, the ALJ noted, plaintiff demonstrated "very quick and efficient cognitive functioning." [Tr. 16]. Plaintiff's abilities to drive from North Carolina to Virginia, read for hours a day both online and in books, handle personal finances, and follow written instructions also belie this claim. *Id.* Moreover, the doctor conducting plaintiff's psychological evaluation, Dr. Hiatt, noted "claimant is able to perform detailed or complex tasks as evidenced by her very quick and efficient cognitive functioning." [Tr. 584]. Thus, the ALJ properly considered plaintiff's claims and, given the objective evidence, rather generously accounted for them in plaintiff's RFC limiting her to simple work, instructions, and decisions, as well as minimal interactions with others so as to curb opportunities for distractions. [Tr. 17].

Next, plaintiff contends that the ALJ erred in the credibility determination. When determining credibility, the ALJ is to "carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements." SSR 96-7p. "[A]lthough a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence." SSR 96-7p; *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996). Once made, an ALJ's credibility determination is to be given great weight, as it is the ALJ—not the district court judge—who "had the opportunity to observe the demeanor and to determine the credibility of the claimant." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).

4

When making her credibility determination, the ALJ found that plaintiff's impairments could reasonably be expected to cause her alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent that they were inconsistent with the medical evidence. [Tr. 18]. The ALJ conducted a thorough review of the material in the case, consulting plaintiff's own accounts of her pain and activities, plaintiff's former roommate's accounts, treatment records from Drs. Basavaraj, Gibellato, and Swan, as well as other treatment providers, the conclusions of a consulting psychologist, as well as objective medical evidence, including three well-spaced MRIs. Finally, and perhaps most saliently to the credibility discussion, the ALJ had the distinct benefit of being able to observe and question plaintiff firsthand at the hearing. Only after each of these steps did the ALJ determine that plaintiff's claims were not credible. The Court finds nothing in the record to contradict the ALJ's determination, and so, giving it the deference it is due, the Court finds no basis upon which to disturb the ALJ's credibility finding.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for summary judgment [DE 44] is DENIED, and defendant's motion for judgment on the pleadings [DE 49] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 23 day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE